UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

**CRIMINAL NO. 7:20-CR-23-REW-HAI**

**UNITED STATES OF AMERICA**                **PLAINTIFF**

**V.**   <u>**UNITED STATES'S MOTION TO FORFEIT SUBSTITUTE ASSETS**</u>

**EUGENE SISCO, III**                     **DEFENDANT**

*  *  *  *  *

   The United States hereby moves, pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e), for entry of an order forfeiting substitute assets in satisfaction of the forfeiture money judgment entered in this action against Defendant Christopher Cool. In support of this motion, the United States submits as follows:

   1.  On December 20, 2021, the Court entered a Preliminary Order of Forfeiture for Forfeiture Money Judgment against the Defendant, imposing a forfeiture money judgment in the amount of $3,200,000.00. [DE 111]

   2.  At present, no payments have been applied to the forfeiture money judgment, and the full balance is still outstanding. The Defendant has certain property, listed below, that may be liquidated to satisfy the forfeiture money judgment[1].

   3.  Section 853(p) provides that the Court shall order the forfeiture of

---

[1] The defendant also owes outstanding restitution in the amount of $5,535,610.49, having only made payments in the amount of $164,385.21.

substitute assets if, as a result of any act or omission of the defendant, the directly forfeitable property: "(A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty." The forfeiture of substitute property pursuant to § 853(p) is mandatory and proceeds without regard to any potential third-party interest, which can be addressed in a forfeiture ancillary proceeding. *Cf. United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006); *United States v. Gallion*, No. 2:07-39-S, 2009 U.S. Dist. LEXIS 73968, *4 (E.D. Ky. Aug. 20, 2009).

4. Rule 32.2(e)(1)(B) authorizes entry of an order of forfeiture, or amendment of an existing order of forfeiture, to include property of the defendant that "is substitute property that qualifies for forfeiture under an applicable statute." *See also United States v. Smith*, No. 3:08-cr-31, 2010 U.S. Dist. LEXIS 127008, *3-4 (E.D. Ky. Dec. 1, 2010) (citations omitted) ("The Court may order the forfeiture of substitute assets . . . by including the substitute property in the preliminary order of forfeiture before it becomes final at the time of sentencing or by amending the order of forfeiture 'at any time' after sentencing to include substitute property[.]"); *United States v. Gallion*, No. 2:07-39-S, 2009 U.S. Dist. LEXIS 63961, *2 (E.D. Ky. July 24, 2009) (requiring amendment of the existing preliminary order to include additional property upon the government's showing that it is subject to forfeiture as substitute assets).

5. The Indictment [DE 1] provided notice of the United States' intent to seek

forfeiture pursuant to 18 U.S.C. §§ 981 and 982 and 28 U.S.C. § 2461 and to forfeit substitute property pursuant to 21 U.S.C. § 853(p). [DE 1 at 12-13.]

6. The United States now requests that the forfeiture money judgment be amended to include the following substitute assets:

  a) Real property known as 111 Caroline Avenue, Pikeville, Kentucky, held in the name of Mountainside Realty, LLC (the "Caroline Avenue Property");[2]

  b) Real property known as 101 Old House Hollow, Cowpen, Kentucky, held in the name of Mountainside Realty, LLC (the "Old House Hollow Property");

  c) Real Property known as 400 Venters Lane, Pikeville, Kentucky, held in the name of Mountainside Realty, LLC (the "Venters Lane Property");

  d) Real Property known as 286 U.S. Hwy. 23 North, Prestonsburg, Kentucky, held in the name of Mountainside Realty, LLC (the "U.S. Highway 23 Property");

  e) Real Property known as 61 Bikini Bottom, Pikeville, Kentucky, held in the name of The Sisco Family Trust (the "Bikini Bottom Property");[3]

  f) Certain laboratory equipment owned by Toxperts, LLC,[4] including:

   i. ABSCIEX TRIPLE QUAD™ 4500, with related products SHIMADZU Nexera XR LC-20AD XR LIQUID CHROMATOGRAPH, SHIMADZU Nexera DGU-20A5R DEGASSING UNIT, SHIMADZU Nexera SIL-20AC XR AUTOSAMPLER, SHIMADZU CTO-20AC Prominence Column Oven, SHIMADZU CBM-20A COMMUNICATIONS BUS MODULE, LCMS Dell Desktop Computer, POWERVAR Security Plus UPS, and PEAK SCIENTIFIC ABN2ZA N2 Generator;

   ii. Olympus AU400e analyzer, with related products Olympus 400e Desktop Computer and Aqua Solutions D.I. Water System;

   iii. Olympus AU480e analyzer, with related products Olympus 480e Desktop Computer and Aqua Solutions D.I. Water System;

---

[2] Mountainside Realty, LLC, is a Kentucky limited liability company; its only members are Eugene Sisco, III, and Amber H. Sisco, and the latter is its registered agent.

[3] The Sisco Family Trust was established on July 8, 2016, and its Trustees are Eugene Sisco, III and Amber H. Sisco.

[4] Toxperts, LLC, was a Kentucky limited liability company that was administratively dissolved in 2021; Eugene Sisco, III, was its sole member, and Amber H. Sisco was its registered agent.

      iv.    Eppencoff Centrifuge 5430;

      v.    Elma E 30 H Elmasonic Ultrasonic Cleaner;

      vi.    Thermo Fisher Scientific ULT2330A Freezer; and

      vii.    Thermo Fisher Scientific REL5004A Refrigerator (collectively, the "Lab Equipment");

g) 1992 Chevrolet Corvette with VIN 1G1YY23PXN5118138 (the "Corvette");

h) RENEW Residential Treatment Services, LLC, d/b/a Brookside at the Venters Lane Property ("Brookside");[5] and

7. The effect of the attached proposed order forfeiting the above-identified substitute assets will only serve to forfeit the Defendant's interest in the property for application towards his outstanding forfeiture money judgment. Any potentially interested third-party claimants will be provided notice and an opportunity to file claims to the property as prescribed in 21 U.S.C. § 853(n).

WHEREFORE, the United States specifically requests that the Court grant its motion for entry of an order forfeiting the above-identified property as substitute assets in satisfaction of the outstanding forfeiture money judgment against the Defendant.

            Respectfully submitted,

            CARLTON S. SHIER, IV
            UNITED STATES ATTORNEY

By:    s/ Thomas Lee Gentry
        Assistant United States Attorney
        260 West Vine Street, Suite 300
        Lexington, Kentucky 40507
        (859) 685-4830

---

[5] RENEW Residential Treatment Services, LLC, is Kentucky limited liability company; its only members are Eugene Sisco, III, Amber Hunt Sisco, and Deana Conn, and its registered agent is Amber Hunt Sisco.

(859) 233-2658 (fax)
Lee.Gentry@usdoj.gov

<u>Haley Trogdlen McCauley</u>
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, Kentucky 40507
(859) 685-4831
(859) 233-2658 (fax)
Lee.Gentry@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of filing to all counsel of record.

<u>s/ Thomas Lee Gentry</u>
Assistant United States Attorney