**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE**

**CRIMINAL ACTION NO.: 7-20-CR-23-REW**

**UNITED STATES OF AMERICA**                                                                                **PLAINTIFF**

V.

**EUGENE SISCO III**                                                                                                     **DEFENDANT**

*ELECTRONICALLY FILED*

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**RESPONSE TO MOTION TO FORFEIT SUBSTITUTE ASSETS AND MOTION FOR STAY OF CIVIL FOREFEITURE PROCEEDINGS WITH MEMORANDUM**

  Comes now the Defendant, Eugene Sisco III, by and through counsel, and for his Response and Motion for Stay of Civil Forfeiture Proceedings herein states as follows:

  1.  That the Defendant, Eugene Sisco III, objects to the forfeiture of any assets at this time, due to his ongoing appeal.  That the forfeiture of assets at this time is premature, and could, and would, lead to irreparable harm to the Defendant should his appeal be successful.  As outlined in the Defendant's corrected Appeal Brief the issues of medical necessity and lack of intent to cause harm, greatly favor the Defendant.

  2.  The Defendant brings his Motion pursuant to Federal Rule 32.32(d).  Pursuant to this rule "if a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests."

**<u>MEMORANDUM</u>**

  3.  Four factors govern whether a stay should be granted: "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public

interest in the stay." <u>Crookston v. Johnson</u> F.3d 396, 398 (6th Cir. 2016) (citing <u>Coal. to Defend Affirmative Action v. Granholm,</u> 472 F.3d 237, 244 (6th Cir. 2006)). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." Coal. to Defend Affirmative Action, 472 F.3d at 244. The facts of this case, when "balanced together," lead to the conclusion that this case should be stayed. <u>F.T.C. v. E.M.A. Nationwide, Inc.,</u> 767 F.3d 611, 627-28 (6th Cir. 2014).

    4. Further, the Defendant has issued a Power of Attorney to a family member possibly to assist in negotiating and liquidating assets to repay restitution and the civil money judgment. Further this family member who has power of attorney has separate counsel. It is the understanding of defense counsel, they have been in negotiations with the Government regarding assets, business operations, and sale of personal property. At this time, the undersigned attorneys are not fully privy to these negotiations between the Government and the family member with Power of Attorney, with separate legal counsel.

    5. Given that the family member with a Power of Attorney, their separate counsel, and the Government, have been negotiating, the Court should consider allowing these negotiations to continue, and give the family member additional time to align themselves to ensure restitution, money judgment, and continual business operations are successful.

    6. In lieu of entering an Order Staying the substitution and collection of assets to satisfy the money judgment, the Court may enter an Order that such items identified in the Government's Motion to Forfeit Substitute Assets be frozen, and/or not permitted to be disposed of, or otherwise transferred beyond the Government's reach.

    WHEREFORE, the Defendant prays for the appropriate Order(s) of the Court.

Respectfully submitted,

*/s/Jonah S. Stevens*
Jonah S. Stevens
PO Box 1286
Pikeville, Ky 41501
jonah@hamiltonstevenslaw.com
606-437-6555

Counsel for Defendant

*/s/Justin C. Hamilton*
Justin C. Hamilton
PO Box 1335
Pikeville, Ky 41501
justinhamiltonlaw@gmail.com
606-213-5299
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically with the Clerk of the Court this 12th of August, 2022. Notice of this filing will be sent electronically to all counsel of record through the Court's electronic filing system.

*/s/Jonah S. Stevens*

*/s/Justin C. Hamilton*