UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:20-CR-23-REW-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| EUGENE SISCO, III, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On October 21, 2022, the Court received a motion/petition from Amber Sisco (Defendant's wife) to assert a third-party claim on five real properties listed in the Court's substitute-forfeiture order (D.E. 162).  D.E. 163.  Amber Sisco alleged she owns a 50% interest in the properties.  *Id*.  District Judge Wier referred the motion to the undersigned.  D.E. 164.

On October 28, the Court received another motion/petition, this time from Defendant's sister (Alexandria Allen) and father (Eugene Sisco Jr.).  D.E. 166, 167. These petitioners asserted they held valid judgment liens against the five real properties. Judge Wier also referred that motion to the undersigned.  D.E. 168.

On November 18, 2022, the government responded to both motions, stating it needed more time to investigate.  D.E. 170.  A series of status reports followed, documenting the government's continued investigation of certain real properties and items and the status of the government's discussions with the petitioners.  D.E. 174, 182, 185, 189, 195.

1

On July 7, 2023, the government filed a motion to substitute certain victims and reissue restitution payments. D.E. 187. Petitioners Allen and Sisco Jr. filed an objection. D.E. 192. In its response to the objection, the government asserted it is no longer seeking forfeiture of the five real properties. D.E. 194. The government also filed a motion to essentially revise the substitute-forfeiture order (D.E. 188), later partially withdrawn (D.E. 196, 197). What was not withdrawn was the government's motion to remove the five real properties from the substitute-forfeiture order for lack of sufficient equity.

On September 9, 2023, Judge Wier entered an order vacating the five real properties from the substitute forfeiture order (D.E. 162). D.E. 197.

Given that the government is no longer seeking forfeiture of the five real properties at issue in the third-party petitions, the undersigned **HEREBY RECOMMENDS** that the motions/petitions (D.E. 163, 166) be **DENIED AS MOOT**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 8th day of September, 2023.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**