UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:20-CR-23-REW-HAI |
| v. | ) | |
| | ) | ORDER |
| EUGENE SISCO, III, | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On October 21, 2022, Amber Sisco filed a petition to assert a third-party claim to real properties listed in the Court's substitute forfeiture order (DE 162). *See* DE 163 (Petition). On October 28, 2022, Eugene Sisco, Jr. and Alexandria Allen filed a joint petition, asserting that they had valid and enforceable judgment liens against the same real properties. *See* DE 166 (Joint Petition); DE 167 (Notice of Filing). Both petitions were referred to United States Magistrate Judge Hanly A. Ingram. *See* DE 164 (Order); DE 168 (Order). The Government responded to both motions, *see* DE 170, and subsequently filed a series of status reports regarding the various claims made. *See* DE 174, DE 182, DE 185, DE 189, and DE 195 (Status Reports). Eventually, the Government moved to vacate the Substitute Assets Order as it related to the five real properties. *See* DE 196 (Notice). This Court entered an order vacating the properties. *See* DE 197 (Order).

Accordingly, Judge Ingram entered a recommended disposition. *See* DE 198. Judge Ingram recommended the Court deny the petitions as moot, since the property amendment took the parcels off the table, relative to forfeiture. *See id.* at 2. To date, no objections to Judge Ingram's recommendation have been filed. The Court has reviewed the full record and finds the process followed, considerations made, and result crafted by Judge Ingram appropriate.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise [an] argument in his objections to the magistrate[ judge]'s report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal.'" (alterations in original) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

Thus, with no objection from any party and on full review of the record, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 198 and;
2. The Court **DENIES** DE 163 and DE 166 as moot.

This the 19th day of October, 2023.

Signed By:
*Robert E. Wier*
United States District Judge