AO 243 (Rev. 09/17)

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Eastern District of Kentucky
FILED
APR 19 2024
At Pikeville
Robert R. Carr
CLERK US DISTRICT COURT

| United States District Court | District Kentucky |
|---|---|
| Name (under which you were convicted): Eugene Sisco, III | Docket or Case No.: 7:20-CR-23-REW |
| Place of Confinement: SPC Ashland | Prisoner No.: 20882-509 |

| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
|---|---|
| v. | Eugene Sisco, III |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    USDC ED-KY

    (b) Criminal docket or case number (if you know): 7:20-CR-23-REW

2. (a) Date of the judgment of conviction (if you know): November 2021

    (b) Date of sentencing: March 2022

3. Length of sentence: 125 months imprisonment, 120 months imprisonment, to run concurrent.

4. Nature of crime (all counts):

    Wire Fraud, 18 USC §1343
    Health Care Fraud, 18 USC §1347

5. (a) What was your plea? (Check one)
    (1) Not guilty ✔    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ✔   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ✔

Page 2 of 13

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:
    (a) Name of court: 6CCA
    (b) Docket or case number (if you know): 22-5202
    (c) Result: Affirmed
    (d) Date of result (if you know): January 6, 2023
    (e) Citation to the case (if you know): 2023 US APP LEXIS 336
    (f) Grounds raised:

    -Insufficient evidence to support jury verdict
    -Admission of evidence in violation of FRE 403
    -Error in jury instructions
    -Sixth Amendment violation regarding loss determination

    (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑
        If "Yes," answer the following:
        (1) Docket or case number (if you know):
        (2) Result:

        (3) Date of result (if you know):
        (4) Citation to the case (if you know):
        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

 (4) Nature of the proceeding: _____

 (5) Grounds raised:

 _____

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

  Yes ☐  No ☐

 (7) Result: _____

 (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

 (1) Name of court: _____

 (2) Docket of case number (if you know): _____

 (3) Date of filing (if you know): _____

 (4) Nature of the proceeding: _____

 (5) Grounds raised:

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

  Yes ☐  No ☐

 (7) Result: _____

 (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

 (1) First petition: Yes ☐ No ☐

 (2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** _Ineffective Assistance of Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense Attorney, Stephen W. Owens, Stephen W. Owens Law Office, Pikeville, Ky, failed to introduce evidence regarding compliance with the Kentucky Board of Medical Lincensure promulgated professional standards for prescribing, dispensing or administering Buprenorphine-containing products, see 201 KAR 9:270.
The gravaman of Movant's health care fraud conviction is that ADAPT, the parent company of Renew Addition Treatment Clinic, Renew Behavioral Health and Toxperts, LLC. provided medical assisted treatment and counseling services for opioid addiction via a treatment protocol that involved counseling, urine drug testing and suboxone prescriptions. Despite Kentucky State law regulation that Toxpert conduct urinalysis to patients, at least once weekly and the frequency of testing could decreased to monthly, if sustained remission is determined.
Toxpert's weekly testing was determined unnecessary and in violation of 18 USC §1347. Health Care Fraud.                                                                        see next page.

(b) **Direct Appeal of Ground One:**
 (1) If you appealed from the judgment of conviction, did you raise this issue?
  Yes ☐    No ☑
 (2) If you did not raise this issue in your direct appeal, explain why:
 _Issue was not cognizable on direct appeal._

(c) **Post-Conviction Proceedings:**
 (1) Did you raise this issue in any post-conviction motion, petition, or application?
  Yes ☐    No ☐
 (2) If you answer to Question (c)(1) is "Yes," state:
 Type of motion or petition: _____
 Name and location of the court where the motion or petition was filed:
 _____
 Docket or case number (if you know): _____
 Date of the court's decision: _____
 Result (attach a copy of the court's opinion or order, if available):
 _____

 (3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐    No ☐

Page 5 of 1

### Ground One Continuation

Owens performance fell below reasonable standards for defense attorneys and Movant was prejudiced by his inability to adequately defend against the health care fraud allegation.
Movant was deprived of a fair trial, a reasonable jury could have found proof of his innocence of operating Toxpert, LLC in violation of 18 USC §1347.
A jury could have determined that ADAPT and Toxpert, LLC were in compliance with Kentucky State law, regarding the frequency of testing, which dissipates the inference that Toxpert, LLC practiced unnecessary medical treatment.
Movant operated Toxpert, in compliance with Kentucky law, with no fraudulent intent.

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** District Court lacked jurisdiction to impose sentence for Health Care Fraud, 18 USC §1347.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Federal Medicaid statute regulate the State of Kentucky and Medicaid recipients and does not preempt any state standards for prescribing, dispensing or administering Buprenorphine-mono-product or Buprenorphine-combined-with-naloxone.
The frequency of urine test is governed by the laws of the Commonwealth of Kentucky.
Inferring that Toxpert, LLC testing practice was medically unnecessary preempted the standards of acceptable and prevailing medical practice established by the State of Kentucky.
see 20/ KAR 7:270.

(b) **Direct Appeal of Ground Two:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why:

Defense Counsel failed to challenge subject-matter jurisdiction during pretrial.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐   No ☐
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed: _____

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available): _____

  (3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐   No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐   No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐   No ☐
  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed: _____

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available): _____

  (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Page 7 of 13

AO 243 (Rev. 09/17)

**GROUND THREE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense Attorney, Stephen W. Owens, Stephen W. Owens Law Office, Pikeville, KY, failed to provide or introduce evidence regarding compliance with Kentucky State law regarding services provided by Renew Behavioral Health.
Renew BH is not a medicaid provider, therefore, its fee-for-service payment model does not constitute Wire Fraud, 18 USC §1343.
In 2019, Evolent Health Inc. purchased University Health Care, d/b/a Passport Health Plan, a non-profit, provider-sponsored Managed Care Organization (MCO) that administers medicaid benefits to eligible residents of the Commonwealth of Kentucky.
Evolent provides a suite of technology-based services designed to capitalize on the transition of the health care industry, from a fee-for-service payment model, to a value-based care approach, which was marketed as to reduce clinical and adminstrative costs.
However, Evolent has been in the center of a securities fraud case, that alleges that it

see next page...

(b) **Direct Appeal of Ground Three:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
      Issue was not cognizable on direct appeal.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☐
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐   No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐   No ☐

## Ground Two Continuation

misrepresented cost improvements for its clients, was overcharging clients instead, to the tune of hundreds of millions of dollars, in an overaching fraudulent scheme that caused economic loss and damage under federal securities law.
Movant was accused of double billing services provided by Renew BH.
The Government alleged that Renew BH cash billing, violated Medicaid and constituted wire fraud, despite the fact that Renew BH is not a Medicaid provider, as was inferred during trial.
Renew BH is an independent company that provided counseling services under the ADAPT umbrella of MAT clinics, as it was not a medicaid credentialed agency.
Owens failed to introduce evidence of Renew BH's legitimacy, evidence that counseling was not a Medicaid covered service.
Movant did not violate federal wire fraud statute and the failure of defense counsel to introduce or present evidence in support of the fact that Renew BH provided services to MAT clinics and medicaid service providers, despite not being a medicaid provider, constitutes ineffective assistance of counsel.
ADAPT includes a boutique of companies that provide medicaid and non-medicaid services.
The Government's case-in-chief was not that Movant billed medicaid for Renew BH counseling services.
It failed to acknowledge that ADAPT offers services that are paid with government benefit dollars and other sources of income.
Medicaid funds were not actionable for services rendered by Renew BH.
Ownes representation fell below reasonable standards for defense attorneys and Movant was prejudiced by his inability to adequately defend himself against wire fraud allegation.
Movant was deprived of a fair trial, a reasonable jury could have found proof of his innocence of operating Renew BH, in violation of 18 USC §1343.
A jury could have determined that Renew BH was in compliance with Kentucky State law, regarding its billing platform, which dissipates the inference that Movant double billed for Renew BH services.
Movant operated Renew BH, in compliance with Kentucky law, with no fraudulent intent.

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** District Court lacked jurisdiction to impose sentence for Wire Fraud, 18 USC §1343.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Renew Behavioral Health (BH), is not a medicaid service provider. Medicaid funds were not actionable for services rendered by Renew BH.
Renew BH did not double bill patients for its counseling service, operated a fee-for-service billing practice.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Defense Counsel failed to challenge subject-matter jurisdiction during pretrial.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial:   Stephen W. Owens, Stephen W. Owens Law Office, Pikeville, Ky.

(d) At sentencing:   Stephen W. Owens, Stephen W. Owens Law Office, Pikeville, Ky.

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☑   No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

6CCA issue judgment in Case No. 22-5202 on January 6, 2023. AEDPA one-year limitations run on April 6, 2023 after 90 days limit to petition for certiorari in the Supreme Court, see Clay vs. US, 537 US 522 (2003).

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

vacate convictions and sentences on Wire and Health Care Fraud counts.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on    April 2, 2024    .
(month, date, year)

Executed (signed) on    April 2, 2024    (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.