UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 7:20-CR-23-REW-HAI |
| | ) | No. 7:24-CV-34-REW-HAI |
| v. | ) | |
| | ) | |
| EUGENE SISCO III, | ) | ORDER DENYING § 2255 MOTION |
| | ) | |
| Defendant/Petitioner. | ) | |

*** *** *** ***

Defendant/Petitioner Eugene Sisco III filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, regarding his term of 125 months' imprisonment for wire fraud and healthcare fraud. *See* DE 213 (Motion); DE 147 (Judgment). In the petition, Sisco raises two ineffective assistance of counsel (IAC) claims, each of which alleges that trial counsel failed to introduce evidence regarding Sisco's compliance with Kentucky law. *See* DE 213 at 4–5, 8–9. Sisco also raises two jurisdictional challenges, arguing that the Court lacked subject matter jurisdiction for each of the federal counts. *See id.* at 6, 10. The United States responded in opposition to the motion, *see* DE 218, and Sisco replied, *see* DE 222.

United States Magistrate Judge Hanly A. Ingram, on referral, issued a fulsome Recommended Disposition, ultimately recommending that the Court deny the motion because Sisco's claims are not supported by the record. *See* DE 223 (Recommended Disposition). Judge Ingram further counseled against an evidentiary hearing and the issuance of a certificate of appealability (COA). *See id.* at 14. Judge Ingram conducted a thorough analysis as to each claim, assessing the full pertinent record and invoking the proper legal standards and apt case law. Judge Ingram informed Sisco of his right to object to the recommendation under 28 U.S.C. § 636(b)(1)

1

within fourteen days. *See id.* at 14–15. He warned Sisco that failure to properly and timely object would cause him to lose the right to further appeal or review. *See id.* at 15. The deadline has passed with no objection from either party. Notably, although Sisco failed to maintain a current address with the Clerk, Judge Ingram ensured service of DE 223 on Sisco at his current site of incarceration. *See* DE 225. The Court has waited well beyond the objection period, even following service at the proper address, to adopt the recommendation.

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1). An objecting party faces the affirmative "duty to pinpoint those portions of the [magistrate judge's] report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation and quotation marks omitted). But the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[Defendant] simply *failed to file* an objection to the magistrate judge's R & R denying qualified immunity. That is forfeiture, not waiver.") (emphasis in original).

The Court has considered the Recommended Disposition, as well as the entire record and relevant authority, and agrees with Judge Ingram's careful analysis and conclusions. The lack of objection forfeits further review, but Judge Ingram had the merits correct as well.

Starting with the jurisdictional claims, Sisco argues that (1) the Court lacked jurisdiction over the healthcare fraud count because the frequency of urine testing is governed by Kentucky

2

law, and (2) the Court lacked jurisdiction over the wire fraud count because Sisco's clinic, Renew Behavioral Health (RBH), was "not a Medicaid service provider." *See* DE 223 at 5–6. The Indictment charged Sisco with violating two federal statutes, 18 U.S.C. §§ 1343 and 1347. *See* DE 1. As Judge Ingram correctly explained, federal courts have inherent, sole jurisdiction over federal crimes; thus, subject matter jurisdiction plainly existed over this fraud prosecution. *See* DE 223 at 9. The mere fact that medical care is subject to some state regulation does not preempt federal jurisdiction. *See id.* (quoting U.S. CONST. art. VI, cl. 2). Judge Ingram accurately noted that "Sisco provides no authority supporting the proposition that Kentucky health-care regulations would impair the Court's jurisdiction over claims of wire fraud and health-care fraud," and that "any argument by counsel against this Court having subject-matter jurisdiction would have been futile." *Id.* at 9–10. Thus, these jurisdictional arguments fail, and the Court adopts Judge Ingram's well-reasoned conclusion.

As to Sisco's IAC claims, he first contends that trial counsel should have argued that RBH was merely complying with a Kentucky regulation that required weekly urine analyses of all new patients. *See* DE 213 at 4. As Judge Ingram explained, however, "[c]ontrary to Sisco's petition, [trial counsel] did call an expert at trial who discussed the regulation." DE 223 at 11. Trial counsel specifically questioned the expert about the frequency of drug testing and the state regulatory scheme at issue. *See id.* at 11–12. However, the jury nonetheless found that Sisco committed healthcare fraud by ordering that all patients receive weekly testing, regardless of the medical provider's assessments. *See id.* at 12. Thus, Judge Ingram correctly concluded that because trial counsel "did what Sisco accuses him of failing to do, there is no basis for finding deficient performance on [the first IAC claim]." *Id.* Furthermore, no prejudice occurred given that "[r]ather

than helping Sisco beat the health care fraud allegation, testimony about [the Kentucky regulation] actually incriminated him." *Id.* There is no validity to a Strickland claim here.

Sisco's second IAC claim argues that counsel ineffectively failed to introduce evidence that RBH, as a non-Medicaid provider, operated in compliance with Kentucky law. *See* DE 213 at 8. He alleges that if trial counsel "had properly explained the situation, the jury would have found RBH 'was in compliance with Kentucky state law, regarding its billing platform.'" DE 223 at 13 (quoting DE 213 at 9). As Judge Ingram noted, however, the record clearly shows that this theory was put forward by the defense at trial. *See id.* ("Even in closing arguments, [trial counsel] emphasized Sisco's argument that RBH, as a non-Medicaid provider, had not been operating contrary to law and Medicaid regulations.") Thus, because the relevant argument was properly raised at trial, this IAC claim fails as well. And simply put, as the Circuit affirmance showed, evidence of guilt, including the required mens rea, was abundant.

Because all four claims for relief fail, and because, procedurally, Sisco made no objection to Judge Ingram's proper resolution, the Court denies Sisco's § 2255 motion in its entirety.

Judge Ingram found that "[t]his case does not warrant an evidentiary hearing" because "Sisco's arguments are refuted by the existing record." DE 223 at 14. Judge Ingram also recommended that no COA issue because "[n]o reasonable jurist would find the assessments on the merits . . . to be wrong or debatable." *Id.* The Court concurs. Now beyond the objection deadline, Sisco has raised no complaint, timely or otherwise, regarding Judge Ingram's expert treatment. The matter warrants no further litigation.

Accordingly, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 223 and **DENIES** DE 213.

2. The Court, in making this final order, further **DENIES** the issuance of a COA. A COA may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)). Sisco has not made a "substantial showing" as to any claimed denial of rights. Reasonable jurists would not find the Court's determination debatable, as a matter of procedure or substance, and no COA should issue. This, too, is a conclusion that Judge Ingram recommended and to which Sisco did not demur.

This the 10th day of February, 2025.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge